**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

_____

| | | |
|---|---|---|
| In re: | ) | Chapter 13 Bankruptcy |
| | ) | |
| Jacalyn S. Nosek | ) | Case No. 02-46025-JBR |
| | ) | |
| Debtor. | ) | Adversary No. 07-04109-JBR |
| | ) | |
| Jacalyn S. Nosek, | ) | **DEFENDANT AMERIQUEST** |
| | ) | **MORTGAGE COMPANY'S** |
| Plaintiff, | ) | **ANSWER TO COMPLAINT** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Ameriquest Mortgage Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Denise M. Pappalardo and Carolyn A. Bankowski, | ) | |
| | ) | |
| Trustee Defendants. | ) | |

AMERIQUEST MORTGAGE COMPANY, INC. ("Defendant"), hereby answers the Complaint (Adversary Proceeding No. 07-04517) (the "Complaint") filed by Plaintiff Jacalyn S. Nosek ("Plaintiff") as follows:

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff is a debtor in Case No. 02-46025-JBR. Defendant is without knowledge of the remainder of the allegations in Paragraph 1 of the Complaint and on that basis denies such allegations.

2. Answering Paragraph 2 of the Complaint, Defendant admits the address listed in Paragraph 2 of the Complaint is one of the mailing addresses of Defendant. As to the remainder of the allegations in Paragraph 2 of the Complaint, Defendant denies such allegations.

3. Answering Paragraph 3 of the Complaint, Defendant admits the allegations contained in such paragraph.

4. Answering Paragraph 4 of the Complaint, Defendant admits the allegations contained in such paragraph.

5. Answering Paragraph 5 of the Complaint, Defendant admits that on March 6, 2007, the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") rendered a documents entitled "Decision on Remand." Defendant further admits that in the Decision on Remand the Bankruptcy Court awarded Plaintiff $750,000, consisting of $250,000 in emotional damages and $500,000 in punitive damages.

6. Answering Paragraph 6 of the Complaint, Defendant admits the allegations contained in such paragraph.

7. Answering Paragraph 7 of the Complaint, Defendant denies that Plaintiff is entitled to be awarded attorneys' fees and costs or pre-judgment interest or is entitled to an "Execution" and on that basis denies each of the allegations contained in such paragraph.

8. Answering Paragraph 8 of the Complaint, Defendant admits the allegations contained in such paragraph.

9. Answering Paragraph 9 of the Complaint, Defendant denies the allegations contained in such paragraph.

10. Answering Paragraph 10 of the Complaint, Defendant is without information regarding the allegations contained in that paragraph and on that basis denies the allegations contained in such paragraph. In addition, Defendant denies Plaintiff is entitled to recover attorneys' fees and costs in connection with the previous judgment entered against Defendant.

11. Answering Paragraph 11 of the Complaint, Defendant is without information regarding the allegations contained in that paragraph and on that basis denies the allegations contained in such paragraph. In addition, Defendant denies Plaintiff is entitled to recover attorneys' fees and costs in connection with the previous judgment entered against Defendant.

12. Answering Paragraph 12 of the Complaint, Defendant denies the allegations contained in such paragraph.

13. Answering Paragraph 13 of the Complaint, Defendant is without information regarding the allegations contained in that paragraph and on that basis denies the allegations contained in such paragraph.

14. Answer Paragraph 14 of the Complaint, Defendant admits that Plaintiff has quoted the language contained in 28 U.S.C. § 1961.

15. Answering Paragraph 15 of the Complaint, Defendant denies the allegations contained in such paragraph.

16. Answering Paragraph 16 of the Complaint, Defendant is without information regarding the allegations contained in that paragraph and on that basis denies the allegations contained in such paragraph.

17. Answering Paragraph 17 of the Complaint, Defendant denies the allegations contained in such paragraph.

## **FIRST AFFIRMATIVE DEFENSE**

The claims and allegations asserted in the Complaint, and each of them, fail to state a claim against Defendant.

## **SECOND AFFIRMATIVE DEFENSE**

By virtue of the appeal currently pending before the First Circuit Court of Appeals, the Bankruptcy Court is without jurisdiction over the claims and allegations asserted in the Complaint.

BN 1354422v1

## **THIRD AFFIRMATIVE DEFENSE**

Defendant is entitled to setoff its claims against Plaintiff against any amounts to which Plaintiff may be entitled to recover against Defendant.

Dated:  August 28, 2007                                    Respectfully Submitted,

Ameriquest Mortgage Company
By Its Attorneys

BUCHALTER NEMER
A Professional Corporation


  /Is/ Jeffrey K. Garfinkle_____
Jeffrey K. Garfinkle (Cal. Bar. 153496)
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
(949) 760-1121 Telephone
(949) 720-0182 Facsimile
jgarfinkle@buchalter.com

and

ABLITT & CHARLTON, PC
Steven M. Ablitt (BBO 641316)
Robert F. Charlton (BBO 081200)
92 Montvale Avenue, Suite 2950
Stoneham, Massachusetts 02180
(781) 246-8995 Telephone
(781) 246-8994  Facsimile
sablitt@acdlaw.com

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612-0514.

On the date set forth below, I served the foregoing document described as:

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER TO COMPLAINT**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

**Philip M. Stone**
44 Front Street
Worcester, MA 01608

**Jacalyn S. Nosek**
P.O. Box 1311
Lancaster, MA 01561

☒ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on August 29, 2007. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on August 29, 2007, at Irvine, California.

    Debby Bodkin          /Is/Debby Bodkin
                                               (Signature)