**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

_____

| | |
|---|---|
| In re: | ) Chapter 13 Bankruptcy |
| | ) Case No. 02-46025-JBR |
| Jacalyn S. Nosek | ) |
|                 Debtor. | ) Adversary No. 07-04109-JBR |
| | ) (Related Adv. Pro. No. 04-04517-JBR) |
| Jacalyn S. Nosek, | ) |
|                 Plaintiff, | ) |
| Vs. | ) |
| Ameriquest Mortgage Co., | ) |
|                 Defendant. | ) |
| Denise M. Pappalardo and Carolyn A. Bankowski | ) |
|                 Trustee Defendants | ) |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
OPPOSITION TO EMERGENCY MOTION FOR APPROVAL
OF ATTACHMENT ON TRUSTEE PROCESS**

Defendant Ameriquest Mortgage Company ("Ameriquest") hereby respectfully submits its Opposition to Plaintiff Jacalyn Nosek's ("Nosek" or "Plaintiff") Emergency Motion for Approval of Attachment on Trustee Process ("Motion").

**I.    INTRODUCTION**

Plaintiff is not entitled to attach funds that belong to third parties. Ameriquest merely collects these funds on behalf of their owners. It does not own these funds, and Plaintiff should not be allowed to lay claim to assets that are not the property of Ameriquest. Furthermore, Mass. Gen. L. ch. 246, which governs trustee process attachment, expressly exempts "public officers" such as the bankruptcy trustees from trustee process. Under the circumstances, Nosek's trustee process action should be dismissed as a matter of law.

BN 1394155v2

To be sure, Nosek argues that she needs to secure her judgment, and Ameriquest certainly recognizes that such a judgment has entered. But Nosek has never asked Ameriquest to post a bond and there is nothing under Federal Law that would require Ameriquest to do so. Rather, by her Motion, Nosek seeks to attach certain unidentified payments which may be made in the future by Chapter 13 trustees within this District. As explained in more detail in this Opposition and in the supporting declaration, Ameriquest has only identified three loans in which Chapter 13 plan payments are still being made to Ameriquest. Each of these loans, and other loans for which payments are mistakenly being made to Ameriquest by Chapter 13 trustees or borrowers, regardless of bankruptcy status, were funded and are now owned by third parties (typically called "investors"). And while Nosek is correct that certain of Ameriquest's affiliated entities recently sold certain of their assets, the sale of these assets is irrelevant for purposes of this Motion. Under applicable law, Nosek is not entitled to attach property owned by investors who are not parties to this action.

For all of the reasons set forth herein, Nosek's Motion must be denied.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    The Judgment, Pending Appeal and New Lawsuit.**

Ameriquest recognizes that this Court is generally familiar with the facts of the lawsuits between Nosek and Ameriquest. As a recap of the recent procedural history, following reversal and remand of the first judgment, on March 6, 2007, this Court awarded Nosek $750,000 against Ameriquest. Ameriquest appealed that decision to the District Court.

On June 27, 2007, the District Court affirmed this Court's March 6, 2007 decision. On July 19, 2007, Ameriquest appealed that decision to the First Circuit Court of Appeals. This appeal remains pending.

Following entry of the judgment through July 27, 2007, Nosek did not take any steps to

2

enforce the judgment. She has not ever taken a judgment debtor exam. Instead, on July 27, 2007, Nosek filed the instant lawsuit seeking "trustee process attachment." Absent from this newly filed lawsuit is any request to enforce the judgment. Instead, Nosek simply asked for an increased judgment against Ameriquest. For purposes of this Opposition, Ameriquest assumes that the instant lawsuit is really an effort on the part of Nosek to utilize Rule 64 of the Federal Rules of Civil Procedure to enforce her judgment.

   **B.**  **Ameriquest's Prior Business Operations.**

Prior to March 30, 2005, Ameriquest's business involved both loan origination and loan servicing. In and around March of 2005, Ameriquest underwent a major corporate restructuring. As part of that corporate restructuring, Ameriquest transferred, sold and assigned all of its servicing operations to a new corporation--AMC Mortgage Services, Inc. ("AMC Mortgage Services"). Loan originations were handled by other affiliated entities.

At the time of this restructuring, all of the borrowers for which Ameriquest was acting as servicing agent were notified of the change in loan servicer. Ameriquest sent this notice as required by Federal Law. See 12 U.S.C. § 2605. Like all borrowers, Nosek was notified of this change. A copy of the March 16, 2005 letter to Nosek advising her of this change in loan servicer is attached to the Declaration of Eileen Rubens ("Rubens Decl.") as Exhibit "1".

   **C.**  **The Business of Mortgage Lenders and Loan Servicers.**

As the Court is no doubt aware, mortgage lenders typically fund home loans through a variety of third party funding sources. Once a sufficient number of loans are generated, they are combined in an investment pool and sold to third party investors (typically large Wall Street banks or financial institutions). After the loans are sold, they may be included in a second transaction—called a securitization. Under a securitization, a third party acts as agent for different and numerous institutional investors. Nosek's loan and all of the other loans originated

3

by Ameriquest (when it was still originating loans) were sold, transferred and assigned to various third party investors. As the owners of the loans, these investors are entitled to receive all payments. Those sales and transfers took place contemporaneously with, or shortly after, the actual loan originations.

The day-to-day processing of loans, including collecting payments, is handled by loan servicers. Typically, the investors, as owners of the loans, have the right to select which entities service their loans.

Prior to March of 2005, Ameriquest acted as a loan servicer for certain of the loans it originated and for loans originated by non-affiliated entities. From approximately March of 2005 until August 30, 2007, AMC Mortgage Services served as servicing agent for certain loans. To the extent any payments were inadvertently or mistakenly made to Ameriquest (either by the borrower or by a Chapter 13 trustee), those funds would be remitted to AMC Mortgage Services or such other loan servicer that was servicing the loan for the current owner of the note at the time the payments were received.

To understand how this process worked, one need only look at Nosek's loan. In 1997, Ameriquest made its loan to Nosek. Shortly thereafter, that loan was bundled with other loans and sold to investors. It is currently owned by Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2. Assuming the judgment is reversed and Nosek is required to make payments under her loan, all those payments less servicing charges will be remitted to the owner.

### D. The Chapter 13 Trustees Only Have 3 Active Cases in Which Ameriquest May Be Involved.

In her Emergency Motion, Nosek claims that Ameriquest is in the process of transferring its assets for "zero consideration." She references certain assignments of mortgages that have been filed in Massachusetts over the past several months.

Those assignments merely document the sale, transfer and assignment of the underlying notes which took place years ago. As part of standard loan servicing practice, many, if not all of those assignments, are completed prior to a foreclosure sale of the property to ensure that the investor (note holder) is properly of record as title holder prior to the foreclosure. (It is a fundamental principle of law that a mortgage cannot be separated from the underlying note, and only the holder of the note is entitled to enforce its rights and remedies under the mortgage). Contrary to Nosek's unsubstantiated allegation, the transferees and assignees paid valuable consideration for each of the notes and mortgages which they received. [1]

In her Emergency Motion, Nosek requests that this Court allow her to attach payments which the Standing Chapter 13 Trustees may receive sometime in the future and may pay to Ameriquest. Upon receiving the Motion, Ameriquest requested that AMC Mortgage Services immediately conduct an investigation into whether there remain any open Chapter 13 cases in Massachusetts in which a borrower and the Chapter 13 Trustees are still paying Ameriquest (as opposed to AMC Mortgage Services or some other loan servicer). Through that investigation, AMC Mortgage Services has only identified three loans in which Chapter 13 payments are still being made to Ameriquest. They are as follows:

> Loan No.: 0063213425
> Borrowers: Paul and Christy Hassett
> Case No.: 04-46175
> Amount still owed under Chapter 13 Plan: 4,728.99
> Owner: Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, series 2003-13

---

[1] It is standard for assignments to be recorded with respect to the transfers of an interest in a mortgage loan and note into a residential mortgage pool or securitization. Thus, for this and all of the other reasons stated in the concurrently filed Objections to Evidence, the purported testimony and exhibits attached to the declaration of counsel for Nosek are irrelevant and lack foundation and are thus inadmissible.

5

      Loan No.: 0019211994
      Borrower Ann Scagel
      Case No.: 03-40940
      Amount still owed under Chapter 13 Plan: $36.63
      Owner: Washington Mutual Bank

      Loan No.: 0037798352
      Borrowers Daniel and Lauren Dellascio
      Case No.: 03-15244
      Amount still owed under Chapter 13 Plan: $1,371.66.
      Owner: Ameriquest Mortgage Securities, Inc., Asset-Backed
      Certificates, Series 2002-4

      **E.**      **Sale of Certain Assets to Citi Residential Lender and Wind-Down of ACC Capital and its Affiliated Companies.**

Nosek correctly points out that effective as of September 1, 2007, Citi Residential Lending ("Citi") acquired certain assets of ACC Capital and certain of its affiliated companies. ACC Capital Corporation (the parent corporation) is in the process of winding down the business affairs of its affiliated entities.

**III.**      **LEGAL ARGUMENT[2]**

      **A.**      **The Chapter 13 Trustees Have No Assets of Ameriquest to Attach.**

The *sine qua non* of an application for a writ of attachment are assets pursuant to which the writ can attach. Here, <u>Ameriquest has no assets that are in the possession of the Chapter 13 trustees</u>, as established in the concurrently filed Declaration of Eileen Rubens. Therefore, if this Court grants Nosek's Motion, Nosek will attach property that does not belong to Ameriquest thereby making her liable for conversion and wrongful attachment. The further litigation that would necessarily result serves no purpose. Accordingly, Nosek's Motion should be denied.

---

[2] Since this is an emergency motion, Ameriquest has not been able to fully brief all of the reasons Nosek's Motion should be denied. Accordingly, Ameriquest reserves its right to supplement this Opposition.

BN 1394155v2

**B.     Under Mass. Gen. L. ch. 246, § 32, an Action for Trustee Process Attachment Cannot Properly Lie Against a Chapter 13 Bankruptcy Trustee.**

Nosek's request for trustee process on the two standing Chapter 13 Trustees also fails because the trustees are public officers, and they are therefore insulated from trustee process. *See e.g.*, *Curry v. Castillo* (*In re Castillo*), 297 F.3d 940, 949-50 (9th Cir. 2002) (Chapter 13 trustees are public officials and enjoyed quasi-judicial immunity. Mass. Gen. L. ch. 246, § 32 provides that "*[n]o person shall be adjudged a trustee … by reason of having money in his hands as a public officer, for which he is accountable to the defendant merely as such officer*" (emphasis added). In Massachusetts, it is undisputed that a public officer may not be called upon to relinquish funds that she holds by virtue of her statutory powers. *See Traveler's Ins. Co. v. Maguire*, 218 Mass. 360 (1914) (dissolving trustee process against court-appointed probate executor and finding that receivers, "assignees in insolvency," and administrators are exempt from trustee process attachment). As the Supreme Judicial Court noted in *Travelers*, "no person, deriving his authority from the law, and obliged to execute it according to the rules of law, can be held by the trustee process, except so far as he is expressly made liable by statute." *Id*. at 361.

There is no question that the chapter 13 trustees are public officers within the meaning of Mass. Gen L. ch. 246, § 32. *See e.g.*, *In re Castillo*, 297 F.3d at 949-50. Funds of the bankruptcy estate are in the trustees' hands "by operation of the law itself and not by virtue of any contract or other voluntary relation established by act of the parties." *Id*. As trustees, they are appointed according to Federal Law; they are public officers; they are afforded qualified immunity; and they are tasked under the Bankruptcy Code and applicable provisions of Title 28 of the United States Code to carry out the terms of the plans with which they are entrusted.

7

Accordingly, by definition under Mass. L. ch. 246, § 32, they cannot be subject to trustee process under Massachusetts law.

### C. Nosek Has Failed to Name Indispensable Parties.

Nosek has also failed to name the true owners in interest of the funds in the hands of the trustees. Mass. Gen. L. c. 246, § 33 provides in pertinent part that such owners should be permitted to participate in the trustee process action and to present evidence of their ownership interests:

> "If a person claiming by assignment from the defendant or otherwise, goods, effects or credits in the hands of a supposed trustee enters an appearance, he shall be admitted as a party in order to determine his title to such goods, effects or credits, and may allege and prove any facts which have not been stated or denied by the supposed trustee. Such allegations shall be tried and determined as provide in section seventeen upon depositions or oral testimony as the court orders. If he does not voluntarily enter an appearance, the court may issue an order of notice to him."

Nosek has failed to identify any of the owners whose payments she wished to attach, and without that list, the actual owners of the loans cannot be identified. Moreover, as to the three loans that Ameriquest, not Nosek, has identified, the three owners of those loans have not been notified of this Emergency Motion, or that Nosek is laying claim to their funds. Since, as outlined above, these non-parties have an interest in the assets sought to be attached by way of this trustee process action, Nosek has failed to name indispensable parties and the Motion should be denied as a result.

### IV. CONCLUSION

There is simply no basis upon which the Bankruptcy Court can justify the issuance of an emergency attachment on payments to be received by the Chapter 13 Trustees on loans owned by entities other than Ameriquest, and by statute, a Chapter 13 bankruptcy trustee cannot

BN 1394155v2

properly be named as a trustee process defendant.  For all of the reasons set forth in this

Opposition, the Motion must be denied.

Dated:  September 27, 2007                          Respectfully submitted,


                                                Ameriquest Mortgage Company
                                                By Its Attorneys
                                                BUCHALTER NEMER, PC

                                                By:  /Is/ Jeffrey K. Garfinkle
                                                Jeffrey K. Garfinkle ( Cal. Bar No. 153496)
                                                18400 Von Karman Avenue, Suite 800
                                                Irvine, CA 92612
                                                Telephone:  (949) 760-1121
                                                Fax:  (949) 720-0182
                                                    jgarfinkle@buchalter.com

                                                and

                                                KIRKPATRICK & LOCKHART
                                                PRESTON GATES ELLIS LLP

                                                R. Bruce Allensworth (BBO #015820)
                                                   bruce.allensworth@klgates.com
                                                Phoebe S. Winder (BBO #567103)
                                                   phoebe.winder@klgates.com
                                                State Street Financial Center
                                                One Lincoln Street
                                                Boston, MA 02111
                                                (617) 261-3100

**PROOF OF SERVICE**

       I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California  92612-0514.

       On the date set forth below, I served the foregoing document described as:

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
OPPOSITION TO EMERGENCY MOTION FOR APPROVAL
OF ATTACHMENT ON TRUSTEE PROCESS**

on all other parties and/or their attorney(s) of record to this action by faxing and/or placing a true copy thereof in a sealed envelope as follows:

Philip M. Stone
44 Front Street
Worcester, Ma 01608

☒    **BY EMAIL.**  On September 27, 2007, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☒    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on September 27, 2007, at Irvine, California.

| Debby Bodkin | /s/ Debby Bodkin |
|---|---|
| | (Signature) |

BN 1394155v2