UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| IN RE | ) | |
| Jacalyn S. Nosek, | ) | Chapter 13 |
|     Debtor. | ) | Case No. 02-46025-JBR |
| _____ | ) | |
| Jacalyn S. Nosek, | ) | |
|     Plaintiff, | ) | A.P. No. 07-04109-JBR |
| | ) | |
| vs. | ) | |
| Ameriquest Mortgage Co., | ) | |
|     Defendant, | ) | |
| | ) | |
| Denise M. Pappalardo and | } | |
| Carolyn A. Bankowski, | ) | |
|     Trustee Defendants. | ) | |
| _____ | ) | |

JOINT RESPONSE AND MEMORANDUM OF LAW BY CHAPTER 13 TRUSTEES TO MOTION FOR APPROVAL OF ATTACHMENT ON TRUSTEE PROCESS

    NOW COME Denise M. Pappalardo, Standing Chapter 13 Trustee for the Western District of Massachusetts, and Carolyn A. Bankowski, Standing Chapter 13 Trustee for the Eastern District of Massachusetts ("the Chapter 13 Trustees"), the named Trustee Defendants in the above-captioned adversary proceeding, and files this, their Joint Response and Memorandum of Law to the Motion for Approval of Attachment on Trustee Process filed by the Debtor/Plaintiff, Jacalyn Nosek ("Plaintiff"), and state as follows:

    I.    THE CHAPTER 13 TRUSTEES CANNOT BE DETERMINED TRUSTEES UNDER M.G.L. c. 246 §32(3)

    1.    Pursuant to M.G.L. c. 246 §32(3), no person shall be adjudged a trustee "by reason of having money in his hands as a public officer, for which he is accountable to the defendant merely as such officer." Further, no person, deriving his authority from the law, and obliged to execute it according to the rules of law, can be held by the trustee process, except so far as he is expressly made liable by statute. Travelers Ins. Co. v. Maguire, 218 Mass. 360, 362 (1914). *See also*, Burnham v. Beal, 96 Mass. 217 (1867).

2. The Chapter 13 Trustees derive all of their authority from federal statute. The chapter 13 Trustees are appointed and supervised by the United States Trustee pursuant to 28 U.S.C. §586(b). The Chapter 13 Trustees' duties are set forth in 11 U.S.C. §1302. Further, nothing in either Title allows the Chapter 13 Trustees to be subject to Trustee Process. As such, a Chapter 13 Trustee is a public officer. *See* In re: Castillo, 297 F.3d 940 (9th Cir. Court of Appeals, 2002).

3 The Plaintiff seeks to name the Chapter 13 Trustees as trustee process defendants, and seeks an order from the Bankruptcy Court to require the Chapter 13 Trustees to turn over funds paid to them by individual Chapter 13 debtors who name the Defendant, Ameriquest, as a creditor in their individual Chapter 13 cases. However, the Chapter 13 Trustees assert that any funds paid by an individual Debtor to the Chapter 13 Trustees are paid and held pursuant to the Bankruptcy Code, and as such, cannot be reached by trustee process. See In re: Argonaut Shoe Co., 187 F. 784 (9th Cir. Court of Appeals 1911), *citing* In re: Chisholm, 4 F. 526 (S.D.N.Y. 1880) (A dividend in the hands of the trustee cannot be reached by attachment or any process from a state court). *See also*, Chealy v. Brewer, 7 Mass. 259 (1811) (A public officer, who has money in his hands to satisfy a demand, which one has upon him merely as a public officer, cannot for that cause be adjudged his trustee).

4. Therefore, the Chapter 13 Trustees assert that they are public officers within the meaning of M.G.L. c. 246 §32(3), and as such, cannot be found to be trustees under the statute, and cannot be required to turn over any monies held in their capacity as Chapter 13 Trustees to satisfy the debt owed by Ameriquest to the Plaintiff.

> II. THE PLAINTIFF IS SEEKING TO MODIFY INDIVIDUAL CHAPTER 13 PLANS AND THEREFORE MUST NOTICE EACH INDIVIDUAL CHAPTER 13 DEBTOR OF THE REQUEST FOR TRUSTEE PROCESS

5. The Bankruptcy Code requires the Chapter 13 Trustees to retain any payments made by a debtor pursuant to a chapter 13 plan, and if a plan is confirmed, "the trustee shall distribute any such payment in accordance with the plan as soon as is practicable." 11 U.S.C. §1326(a)(2).

2

6. 11 U.S.C. §1327(a) states that the provisions of a confirmed plan bind the debtor and each creditor. A confirmed plan may only be modified upon the request of the debtor, the trustee, or the holder of an allowed secured claim pursuant to 11 U.S.C. §1329(a). The Plaintiff therefore has no standing to seek modification of a confirmed plan.

7. As such, since the Plaintiff is asking the Bankruptcy Court to modify the confirmed plans of individual Chapter 13 debtors, and seeks to collect funds that are being paid to the Chapter 13 Trustees pursuant to the terms of confirmed plans, each and every individual Debtor whose confirmed plan include payments to Ameriquest must be served with notice of the request for Trustee Process, and be given an opportunity to appear and respond, as the funds being sought by trustee process are funds being paid by individual Chapter 13 debtors to the Chapter 13 Trustees to be distributed pursuant to the confirmed plans, and what the Plaintiff is seeking amounts to a modification of each individual debtor's confirmed chapter 13 plan.

WHEREFORE, the Chapter 13 Trustees respectfully request that this Court deny the request for Trustee Process, and enter such other orders as this Court deems proper.

DATED:     October 1, 2007


Submitted by:

| | |
|---|---|
| Carolyn A. Bankowski | Denise M. Pappalardo |
| Standing Chapter 13 Trustee | Standing Chapter 13 Trustee |
| | |
| By: /s/ Patricia A. Remer | /s/ Joanne Psilos |
| Carolyn A. Bankowski (BBO#631056) | Denise M. Pappalardo (BBO#553293) |
| Patricia A. Remer (BBO#639594) | Joanne Psilos (BBO#556997) |
| Office of the Chapter 13 Trustee | Office of the Chapter 13 Trustee |
| PO Box 8250 | 44 Front Street |
| Boston, MA  02114 | Worcester, MA  01608 |
| (617) 723-1313 | (508) 791-3300 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ) | |
| Jacalyn S. Nosek, ) | Chapter 13 |
|     Debtor. ) | Case No. 02-46025-JBR |
| _____ ) | |
| Jacalyn S. Nosek, ) | |
|     Plaintiff, ) | A.P. No. 07-04109-JBR |
| ) | |
| vs. ) | |
| Ameriquest Mortgage Co., ) | |
|     Defendant, ) | |
| ) | |
| Denise M. Pappalardo and } | |
| Carolyn A. Bankowski, ) | |
|     Trustee Defendants. ) | |
| _____ ) | |

### Certificate of Service

    The undersigned hereby certifies that on October 1, 2007 a copy of the foregoing Joint Response and Memorandum of Law by Chapter 13 Trustees to Motion for Approval of Attachment on Trustee Process was served via first class mail postage prepaid, or by electronic notice, upon the debtor, debtor's counsel, and counsel to Ameriquest at the addresses set forth below.

Jacalyn S. Nosek  
60 Bolton Road  
P.O. Box 1311  
S. Lancaster, MA 01561

Philip M. Stone, Esq.  
44 Front Street  
Worcester, MA 01561

Jeffrey Garfinkle, Esq.  
Buchalter Nemer, P.C.  
18400 Von Karman Avenue, Suite 800  
Irvine, CA 92612

Phoebe S. Widner, Esq.  
Kirkpatrick & Lockhart  
Preston Gates Ellis LLP  
One Lincoln Street  
Boston, MA 02111