UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

Jacalyn S. Nosek
         Debtor

Chapter 13
Case No.: 02-46025-JBR

Jacalyn S. Nosek
         Plaintiff
v.
Ameriquest Mortgage Company
         Defendant

Denise M. Pappalardo and
Carolyn A. Bankowski,
         Trustee Defendants

Adv. Pro. No. 07-04109-JBR
(Related Adv. Pro. No. 04-04517-JBR)

**Supplemental Memorandum in Support of Emergency Motion
for Approval of Attachment on Trustee Process**

INTRODUCTION

In further support of Plaintiff's motion for Approval of Attachment on Trustee Process, Plaintiff states that: (1) that the U.S. Bankruptcy Court has jurisdiction over the Standing Chapter 13 Trustees which the state courts do not have, (2) that the Standing Chapter 13 Trustee is not a public officer as defined by M.G.L. c. 246, §32, Third, (3) that the limited quasi-judicial immunity afforded to the Standing Chapter 13 Trustees protects them from being sued as defendants, here they are named only as trustee defendants, and (4) that the limited immunity afforded to the Standing Chapter 13 Trustees only protects them from acts engaged in their

quasi-judicial, not administrative, capacities, and is not applicable here.

## ARGUMENT

1.     <u>Post Judgment Attachment of Property is Appropriate When an Appeal is Pending</u>

The Massachusetts Appeals Court has held that post-judgment attachment of property is appropriate where the issuance of an Execution has been stayed by reason of a claim of appeal. *Borne v. Haverhill Golf & Country Club, Inc.*, 58 Mass.App.Ct. 306, 791 N.E.2d 903, (2003).

In the case before this Court, no Execution has yet been issued by the Court Clerk. On March 6, 2007, in Adv. Pro. No. 04-04517-JBR, this Court issued its *Decision on Remand*, wherein it awarded Nosek $250,000 in emotional distress damages and punitive damages of $500,000.00 under 11 U.S.C. Section 105(a). That decision was affirmed on June 27, 2007, by the U.S. District Court. The Defendant has now taken an appeal from the decision of the U.S. District Court to the First Circuit Court of Appeals; as of this date no briefing schedule has been issued by that Court.

2.     <u>Attachment is Available as a Remedy in the Federal Courts.</u>

"A request for attachment in the United States District Court for the District of Massachusetts is governed by Mass.R.Civ.P. 4.1", *Hamilton v. Arnold,* 135 F.Supp.2d 99 (D.Mass.2001), *aff'd* 29 Fed Appx. 614, 2002 WL 109581 (1st Cir.2002).  See also, *Hoult v. Hoult,* 373 F.3d 47 (1st Cir.2004), where the court stated that, "a Federal Court Order must comport with the law of the state in which the district court is held".  In Massachusetts, Trustee Process is governed by M.R.C.P. Rule 4.2.

3. <u>Approval of a motion to attach on trustee process only requires a finding by this Court that there is a reasonable likelihood that the plaintiff will recover judgment.</u>

M.R.C.P. Rule 4.2 (c) states that an order of approval may enter after notice to the defendant and hearing, "upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment".

4. <u>The U.S. Bankruptcy Court has jurisdiction over the Standing Chapter 13 Trustee</u>.

The Standing Chapter 13 Trustees cite the case of *In re: Argonaut Shoe Co.*, 187 F. 784 (9th Cir.1911), *citing In re: Chisolm*, 4 F. 526 (S.D.N.Y.1880), for the proposition that "a dividend in the hands of the trustee cannot be reached by attachment or any process from **a state court**" (emphasis added).

Here, the motion to attach is being brought in the United States Bankruptcy Court, not a state court, which is to apply the law of the Commonwealth of Massachusetts.

5. <u>The Standing Chapter 13 Trustee is not a public officer as defined by M.G.L. c. 246, §32, Third.</u>

The limited number of Massachusetts cases which have identified public officers who may not be adjudged a trustee includes the following: "a sheriff or other officer who has collected money or any other thing on execution or other legal process for the defendant-debtor cannot be adjudged a trustee of that money or those goods", *see Wilder v. Bailey*, 3 Mass. 289

(1807); "property of the defendant in the possession of an arresting police officer", *see Morris v. Penniman*, 80 Mass (14 Gray) 220 (1859); "property held by police under a court order of impoundment pending a criminal trial"; *see, Wallace v. Coyne*, 230 Mass. 475 (1918); "one who hold the proceeds of a judicially ordered sale of mortgaged property is not liable to be charged as trustee of those funds"; *see, Thayer v. Tyler*, 87 Mass. (5 Allen) 94 (1862). More recently, "such a levy cannot constitutionally be directed at accounts or funds of the Commonwealth", *Bates v. Sullivan*, Supreme Judicial Court for Suffolk County, No. SJ-2001-0448 (Sosman, J., March 12, 2002).

6.  <u>*In re: Castillo* states that not all of the Standing Chapter 13 Trustee's functions are covered by absolute quasi-judicial immunity</u>.

The memorandums in opposition filed by the Standing Chapter 13 Trustees and the Defendant Ameriquest Mortgage Company both rely heavily upon the case of *In re: Castillo*, 297 F.3d 940 (9th Cir.2002). That decision, when carefully read, does not support the position taken by the Standing Chapter 13 Trustees and Ameriquest Mortgage Company that the Chapter 13 Trustee is either a "public officer" or enjoys unqualified quasi-judicial immunity.

Relevant excerpts from the *Castillo* court's decision include the following:

"The Chapter 13 bankruptcy trustee is a creature of the Bankruptcy Code, which enumerates specific duties, rights, and powers of the bankruptcy trustee. *See, e.g.*, *11 U.S.C. §§ 323*, *704*, *1106*, and *1302* (describing the role, capacity, and duties of trustees). The bankruptcy trustee's role, functions, and duties are ultimately shaped, however, by the history and peculiar needs and purposes of bankruptcy proceedings. *Castillo* at 949.

...

"ii. *The Current Bankruptcy Trustee System*

"Although the bankruptcy system evolved over the next two centuries, the duties of bankruptcy [**23] trustees (and their antecedents) remained relatively constant throughout this period. Today, under the United States Trustee Program, the Attorney General appoints regional U.S. Trustees. These U.S. Trustees are charged with the responsibility of supervising the administration of bankruptcy cases. In regions with sufficient volume of Chapter 13 bankruptcy cases, the U.S. Trustee for that region "may, subject to the approval of the Attorney General, appoint one or more individuals to serve as standing trustee," *28 U.S.C. § 586(b)*, **a position that is also referred to as a "private trustee.**" (emphasis added) H.R. Rep. No. 95-595, at 101, 106-06 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6062, 6066-68. Standing trustees must satisfy the eligibility requirements of *11 U.S.C. § 321*, and qualify under *11 U.S.C. § 322* and *28 U.S.C. § 586*. Once appointed, the standing trustee -- operating under the supervision of the U.S. Trustee and pursuant to legislative and judicial directives -- performs a wide variety of functions previously performed by bankruptcy judges. The United States Trustee is the "watchdog" of the [**24] bankruptcy system, H.R. Rep. No. 95-595, at 4 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 5966, charged with preventing fraud and abuse and with "filling the vacuum" caused by possible creditor inactivity. H.R. Rep. No. 95-595, at 100 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6061. The establishment, maintenance, and supervision of the panel of bankruptcy trustees is the United States Trustee's "primary function, and his most important contribution to the administration of the bankruptcy system." H.R. Rep. No. 95-595, at 439 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6394-95.

iii. *Duties of the Bankruptcy Trustee under the Bankruptcy Code*

The statutory duties of a bankruptcy trustee operating under the aegis of the U.S. Trustee are enumerated in *11 U.S.C. § 704*, *1302*, *1304*. Generally, the trustee is to gather and liquidate the property of the estate, to be accountable for the estate, ensure that the debtor performs his or her obligations, investigate the finances of the debtor, review the proofs of claim, and where appropriate, oppose the debtor's discharge, be available to provide relevant information to parties-in-interest, and by court order, operate [**25] the business on a short-term basis. The trustee also must [*951] prepare the final report and an accounting for the administration of the estate. *11 U.S.C. § 704*, *1302*. Just as in the nineteenth century (and earlier) the bankruptcy trustee performs both adjudicatory and administrative functions. **Thus in combining administrative duties with adjudicatory functions, Congress created a hybrid official. The bankruptcy trustee, both at common**

      **law and today, performs some functions historically viewed as judicial in nature, and others that are not. [HN7] Although, like the common-law bankruptcy judicial officers, the trustee is charged with many legal, adjudicative, clerical, financial, administrative, and business functions, <u>quasi-judicial immunity attaches to only those functions essential to the authoritative adjudication of private rights to the bankruptcy estate.</u>** *Antoine, 508 U.S. at 433*. **Therefore we must examine the particular function here at issue.** (emphasis added) *Castillo* at 950-951

7.     <u>Once a Plan is Confirmed, the Chapter 13 Trustee's distribution of payments to holders of allowed claims pursuant to the terms of the Confirmed Plan is purely administrative</u>.

      It bears repeating that in this case the Standing Chapter 13 Trustees are named only as trustee defendants, no claims are being asserted against them directly. The issue of their immunity from suit should not be a concern of the Court. Never the less, the holding of the *Castillo* court is that quasi-judicial immunity is available to the Standing Chapter 13 Trustees as non-judicial officers only if they perform official duties that are functionally comparable to those of judges, i.e., duties that involve the exercise of discretion in resolving disputes, and not, as in this case, in administrative matters involving the payments of allowed claims.

      The *Castillo* court said:

      "Judicial [**16] or quasi-judicial immunity is not available only to those who adjudicate disputes in an adversarial setting. Rather, the immunity is extended in appropriate circumstances to non jurists "who perform functions closely associated with the judicial process." *Cleavinger v. Saxner, 474 U.S. 193, 200, 88 L. Ed. 2d 507, 106 S. Ct. 496 (1985)*. The Supreme Court has recognized that individuals, when performing functions that are judicial in nature, or who have a sufficiently close nexus to the adjudicative process, are entitled to a grant of absolute quasi-judicial immunity. Among those the Court has found immune are: (1) prosecutors, when initiating a prosecution and presenting the state's case, *Imbler, 424 U.S. at 431*; (2) prosecutors, when taking acts and making decisions in preparation for the initiation of a prosecution or trial, *Buckley v. Fitzsimmons, 509 U.S. 259, 273, 125 L. Ed. 2d 209, 113 S. Ct. 2606 (1993)*; *Burns, 500 U.S. at 492*;

(3) administrative law judges and agency hearing officers, when performing adjudicative functions within a federal agency, *Cleavinger, 474 U.S. at 200*; *Butz v. Economou, 438 U.S. 478 at 513-514, 57 L. Ed. 2d 895, 98 S. Ct. 2894*; [**17] (4) agency officials, when performing functions analogous to those of a prosecutor, *Butz, 438 U.S. at 515*; (5) agency attorneys, in arranging for the presentation of evidence in the course of an administrative adjudication, *id. at 517*; and (6) individuals, when acting within the scope of their duties, who participate in the judicial process, such as grand jurors, petit jurors, advocates, and witnesses. *Id. at 509, 512*; *Burns, 500 U.S. at 489-90*.

"In *Antoine*, the Supreme Court worked a sea change in the way in which we are to examine absolute quasi-judicial immunity for nonjudicial officers. *Antoine, 508 U.S. 429, 124 L. Ed. 2d 391, 113 S. Ct. 2167*. **The Court announced that absolute quasi-judicial immunity will be extended to nonjudicial officers only if they perform official duties that are functionally comparable to those of judges, i.e., duties that involve the exercise of discretion in resolving disputes.** *Antoine, 508 U.S. at 435*. **Under this approach, to determine whether a nonjudicial officer is entitled to absolute quasi-judicial immunity, courts must look to the nature of the function [**18] performed and not to the identity of the actor performing it.** (Emphasis added). *Buckley, 509 U.S. at 269* (quoting *Forrester, 484 U.S. at 229*); *Stump, 435 U.S. at 362*; *Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999). Castillo* at 948.

In the matter now before this Court, once a Debtor makes a payment to the Chapter 13 Trustee under the terms of a Confirmed Plan, the tasks performed by a Standing Chapter 13 Trustee are purely administrative. Checks are issued to creditors, and accounting records are maintained, but these tasks are performed by clerical support staff employed by the Standing Chapter 13 Trustee. They are not judicial or adjudicatory in nature.

8.  <u>Debtors whose payments to Ameriquest Mortgage Company are attached will not be prejudiced; their rights can be protected by this Court.</u>

The Plaintiff recognizes that the attachment of funds otherwise earmarked for payment by the Standing Chapter 13 Trustee to Ameriquest Mortgage Company may cause accounting

issues. These issues can be addressed simply, and with minimal effort by the Standing Chapter 13 Trustees. They are not grounds to deny the Plaintiff her statutory right to an attachment.

The standard this Court must apply is whether there is a reasonable likelihood that judgment will enter in plaintiff's favor against the defendant, which has already occurred and been affirmed by the U.S. District Court.

Furthermore, under Massachusetts law, the named Trustee Defendants do not have standing to appear at a hearing on a motion to attach on trustee process, only the Defendant does. M.R.C.P. Rule 4.2(c) states that, "the order of approval may be entered only **after notice to the defendant** and hearing ..." (emphasis added) Customarily the Trustee Defendant first becomes aware of the attachment when they are served with the Trustee Summons, which must occur within 30 days after entry of the order approving the attachment.

To avoid accounting issues, the Trustee will need only to compile a list of the affected debtors, with case numbers, whose payments have been taken by attachment on Trustee Process, with the dollar amounts. This Court may then endorse an Order directing Ameriquest Mortgage Company to enter a credit in the corresponding amount, to be applied on the records of Ameriquest Mortgage Company against the pre-petition arrears amount owed by those Debtors.

"[This] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. §105(a).

Payments made to the Trustees by Debtors are for *pre-petition arrears* owed by the Debtors to Ameriquest. Debtors will continue to make their post petition payments as required, and the attachments requested will not precipitate the filings of motions seeking relief from the automatic stay.

WHEREFORE, for the reasons set forth herein, and in the *Affidavit of Jacalyn S. Nosek*, Plaintiff requests that this Court approve an attachment on Trustee Process in the amount of $1,000,000.00, and that this Court approve *Plaintiff's Motion for Successive Service of Trustee Summons.*

                                                Jacalyn S. Nosek
                                                by her attorney,

                                                /s/ Philip M. Stone
                                                Philip M. Stone, BBO # 544139
                                                44 Front Street
                                                Worcester, MA  01608
                                                Tel. (508) 755-7354

Dated:     October 3, 2007

**Certificate of Service**

I, Philip M. Stone, do hereby certify on this day I electronically filed the aforementioned pleading with the United States District Court for the District of Massachusetts using the CM/ECF System.

and that I served said documents on the following CM/ECF participants:

Steven M. Ablitt, Esq.
Jeffrey K. Garfinkle, Esq.
Phoebe S. Winder, Esq.
Carolyn A. Bankowski, Standing Chapter 13 Trustee
Denise Pappalardo, Standing Chapter 13 Trustee

*and all others receiving notice via the CM/ECF system*

I further certify that I have mailed this day by first-class mail, postage prepaid, copies of the aforementioned pleadings electronically filed with the Court to the following:

Jacalyn S. Nosek
60 Bolton Road
PO Box 1311
S. Lancaster, MA 01561

/s/ Philip M. Stone
Philip M. Stone

DATED:    October 3, 2007