UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

Jacalyn S. Nosek
        Debtor

Chapter 13
Case No.: 02-46025-JBR

Jacalyn S. Nosek
        Plaintiff
v.

Norwest Bank, Minnesota, N.A.,
as Trustee for Amresco Residential
Securities Corp. Mortgage Loan Trust,
Series 1998-2,
        Defendant

Denise M. Pappalardo,
Carolyn A. Bankowski, and
Citi Residential Lending, Inc.
        Trustee Defendants

Adv. Pro. No. 07-04109
Related Adv. Pro. No. 04-04517-JBR

**Plaintiff's Opposition to Motion of Jeffrey K. Garfinkle, Esq. to Expand Scope of Previous Admission to Appear *Pro Hac Vice***

Now comes the Plaintiff, by and through her counsel of record, and states her Opposition to the *Motion of Jeffrey K. Garfinkle, Esq. to Expand Scope of Previous Admission to Appear Pro Hac Vice.* As grounds for her opposition, Plaintiff states the following:

1. Jeffrey K. Garfinkle, Esq.'s prior appearance was as counsel for Ameriquest Mortgage Company. Attorney Garfinkle continues to represent Ameriquest Mortgage Company in the appeal now before the 1st Circuit Court of Appeals from the U.S. District Court's Affirmation of this Court's *Decision on Remand* entered in Adv. Pro.

   No. 04-04517-JBR.

2.  On November 28, 2007, a hearing was held by this Court on the *Cross Motion of Ameriquest Mortgage Company to Dismiss Complaint* in this adversary proceeding.

3.  Present in the courtroom and representing Ameriquest Mortgage Company were two attorneys from the law firm of Kirkpatrick & Lockhart, Preston Gates, Ellis, LLP, R. Bruce Allensworth and Gregory N. Blase. Attorney Garfinkle appeared telephonically on behalf of Ameriquest Mortgage Company.

4.  After hearing argument from counsel this Court ALLOWED the motion of Ameriquest Mortgage Company, saying that this Court lacked jurisdiction due to the pending appeal, and ALLOWED Plaintiff's motion to amend her Complaint to assert causes of action against Norwest Bank, Minnesota, N.A., as Trustee for Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2.

5.  On 01/02/2008 Plaintiff's counsel received a telephone call from attorney Phoebe Winder. Attorney Winder is an attorney at Kirkpatrick & Lockhart, Preston Gates, Ellis, LLP, and represented Ameriquest Mortgage Company in the settlement of an unrelated adversary proceeding pending in this Court.

6.  Attorney Winder stated that she was looking for a one week extension for Norwest to file its answer. Plaintiff's counsel raised the issue of potential conflicts of interest, and attorney Winder stated that there is an indemnification agreement between Ameriquest and Norwest.

7.  The conversation concluded with attorney Stone stating that he would not request entry of default, and attorney Winder stating that she would send attorney Stone a

*Motion to Extend Time to Answer* for his review the following day.

8. No such motion was sent to attorney Stone. Rather, attorney Garfinkle filed a motion on January 3, 2008, with this Court stating that the Plaintiff had assented to an extension of time for Norwest to file a responsive pleading.

9. At no time has attorney Garfinkle communicated with Plaintiff's counsel.

10. Attorney Garfinkle concludes his *Motion to Expand Scope of Previous Admission to Appear Pro Hac Vice* by stating that, "[f]or purposes of this case for which the undersigned is seeking admission on a *pro hac vice* basis, Norwest and Citi intend to retain Massachusetts counsel. However, as of the date of the filing of this applications, Norwest and Citi have not completed their retention of Massachusetts counsel."

11. As of this date, now two weeks later, no other counsel have entered their appearance.

12. Attorney Garfinkle signed his *Motion to Expand Scope of Previous Admission to Appear Pro Hac Vice* on behalf of Norwest Bank, Minnesota, N.A., Now Known As Wells Fargo Bank, N.A. as Trustee for Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2.

13. In this case's present posture, Kirkpatrick & Lockhart, Preston Gates, Ellis, LLP, has terminated its involvement by virtue of the DISMISSAL of the claims against Ameriquest.

14. No other attorney admitted to practice in Massachusetts has entered an appearance on behalf of Norwest Bank, Minnesota, N.A., Now Known As Wells Fargo Bank, N.A.

15. Attorney Garfinkle's appearance on behalf of Norwest Bank, Minnesota, N.A., Now Known As Wells Fargo Bank, N.A. is unaccompanied by the appearance of a member

of the bar of the United States District Court for the District of Massachusetts as required by United States District Court Local Rule 83.5.3(b)(3).

WHEREFORE, for the reasons set forth herein, Plaintiff requests that the *Motion of Jeffrey K. Garfinkle, Esq. to Expand Scope of Previous Admission to Appear Pro Hac Vice* be DENIED.

    Jacalyn Nosek
    By her attorney,

    /s/ Philip M. Stone
    Philip M. Stone, BBO # 544139
    44 Front Street
    Worcester, MA  01608
    Tel. (508) 755-7354
    Fax. (508) 752.3730
    E-mail: pstonelaw@rcn.com

Dated:     January 17, 2008

## CERTIFICATE OF SERVICE

     I, Philip M. Stone, do hereby certify on this day I electronically filed the foregoing pleading with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Steven M. Ablitt, Esq.
Jeffrey K. Garfinkle, Esq.
Denise M. Pappalardo, Esq.
Carolyn A. Bankowski, Esq.
Phoebe Winder, Esq.
R. Bruce Allensworth, Esq.

*and all others receiving notice via the CM/ECF system*

     I further certify that I have mailed this day by first-class mail, postage prepaid, a copy of the aforementioned pleading electronically filed with the Court on the following non-CM/ECF participants:

Jacalyn S. Nosek
60 Bolton Road
PO Box 1311
S. Lancaster, MA 01561

                                        /s/ Philip M. Stone
                                        Philip M. Stone

DATED:     January 17, 2008