**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

| | |
|---|---|
| In re<br><br>Jacalyn S. Nosek,<br><br>        Debtor | Chapter 13 Bankruptcy<br>Case No. 02-46025-JBR |
| Jacalyn S. Nosek,<br><br>        Plaintiff,<br><br>v.<br><br>Ameriquest Mortgage Company<br>        And<br>Norwest Bank, Minnesota, N.A.,<br>As Trustee for Amresco Residential<br>Securities Corp. Mortgage Loan Trust,<br>Series 1998-2,<br><br>        Defendant,<br><br>Denise M. Pappalardo and<br>Carolyn A. Bankowski<br>Citi Residential Lending, Inc.<br><br>        Trustee Defendants | Adversary No. 07-04109-JBR<br>(Related Adv. Pro. No. 04-04517-JBR) |

**DEFENDANT NORWEST BANK, MINNESOTA, N.A., NOW KNOWN AS WELLS
FARGO BANK N.A., AS TRUSTEE FOR AMRESCO RESIDENTIAL SECURITIES
CORP. MORTGAGE LOAN TRUST, SERIES 1998-2[1] AND TRUSTEE DEFENDANT
CITI RESIDENTIAL LENDING, INC.'S[2] REPLY TO OPPOSITION TO MOTION TO
<u>EXPAND SCOPE OF PREVIOUS ADMISSION TO APPEAR PRO HAC VICE</u>**

---

[1] Norwest Bank Minnesota, N.A., Now Known As Wells Fargo Bank, N.A., as Trustee for AMRESCO Residential Securities Corp. Mortgage Loan Trust, 1998-2 is referred to herein as "Norwest."

[2] Citi Residential Lending, Inc. is referred to herein as "Citi."

I.      INTRODUCTION.

Plaintiff Jacalyn Nosek ("Nosek") *again* objects to a *pro hac vice* application filed on behalf of Mr. Jeffrey K. Garfinkle.[3]  On this occasion, Nosek improperly asserts that D. Mass. L.R. 83.5.3(b)(3) prohibits this Court from granting Mr. Garfinkle's *pro hac vice* application with respect to Norwest and Citi.  Nosek is wrong on this issue.  This is because D. Mass. L.R. 83.5.3(b)(3) does not apply to bankruptcy court proceedings.  Accordingly, Nosek's Opposition is without merit and Mr. Garfinkle's *pro hac vice* application should be granted.

II.     NOSEK'S OPPOSITION CITES TO INAPPLICABLE AUTHORITY.

Bankr. D.Mass. L. R. 9029-3 states that the following local rules adopted by the United States District Court for the District of Massachusetts shall apply in the United States Bankruptcy Court for the District of Massachusetts:

> "26.5 (Uniform Definitions in Discovery Requests)
> 56.1 (Motions for Summary Judgment)
> 67.2 (Registry Funds)
> 67.3 (Disbursement of Registry Funds)
> 67.4 (Payments and Deposits Made With the Clerk)
> 81.2 (Definition of Judicial Officer)
> 83.5.1(b) (Student Practice Rule) (insofar as applicable to civil proceedings)
> 83.6 (Rules of Disciplinary Enforcement)
> 201 (Reference to Bankruptcy Court)
> 202 (Bankruptcy Court Jury Trials)
> 203 (Bankruptcy Appeals)
> 204 (Bankruptcy Court Local Rules)
> 205 (Disciplinary Referrals by Bankruptcy Judges)."

Bankr. D.Mass. L.R. 9029-3 further provides that, "The other Local Rules of the United States District Court shall not govern cases or proceedings before the United States Bankruptcy Court."

Since D. Mass. L.R. 83.5.3(b)(3) is not made applicable to bankruptcy court proceedings pursuant to Bankr. D.Mass. L.R. 9029-3, Nosek's D. Mass. L.R. 83.5.3(b)(3) objection is without merit as a matter of law.

---

[3] *See* Plaintiff's Motion to Strike "Ameriquest Mortgage Co.'s Opposition to Plaintiff's Motion to Assess Attorney's Fees & Costs," [Adv. Pro. No. 04-04517, Docket No.: 123] and Order denying this Motion [Adv. Pro. No. 04-04517, Docket No.: 141].

### III. MR. GARFINKLE'S PRO HAC VICE APPLICATION IS PROPER IN ALL RESPECTS.

Fed. R. Bankr. P. 9010(a) states that:

> "A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy."

D. Mass. Bankr. L.R. 9010-1(b) further elaborates upon Fed. R. Bankr. P. 9010, subject to an exception that is not applicable here:

> "Except as provided in subsection (d) of this rule, an attorney who is not a member of the bar of the United States District Court for the District of Massachusetts, but is a member of the bar of any other United States District Court or the bar of the highest court of any state may appear and practice in this Court in a particular case or adversary proceeding only by leave granted in the discretion of the Court, provided such attorney files a certificate attesting that (1) the attorney is a member of the bar in good standing in every jurisdiction where the attorney has been admitted to practice; (2) there are no disciplinary proceedings pending against such attorney as a member of the bar in any jurisdiction; and (3) the attorney is familiar with the Local Rules of this Court. <u>An attorney seeking admission under this subsection may not enter an appearance or sign any pleadings until admission is granted, except that the attorney may sign a complaint or any other pleading necessary to prevent entry of default or the passage of any deadline, provided such complaint or other pleading is accompanied by the attorney's application for admission under this subsection in proper form</u>. An attorney seeking admission under this subsection more frequently than twice in any 12 month period shall additionally certify (1) the attorney's efforts to seek admission to the bar of the United States District Court for the District of Massachusetts; or (2) why such efforts have not been undertaken." [Emphasis added]

The deadline for Norwest and Citi to file responsive pleadings to Nosek's First Amended Complaint was January 2, 2008 (December 31, 2007 and January 1, 2008 were Court holidays). On January 2, 2008 counsel for Nosek granted Norwest and Citi a 1 week extension to file responsive pleadings. As a result, on January 9, 2008, to prevent Norwest and Citi from having defaults entered against them, Mr. Garfinkle complied with Bankr. D. Mass. L.R. 9010-1(b) by filing a Motion to Dismiss on behalf of Norwest, filing an Answer on behalf of Citi, and accompanying these pleadings with the filing of a *pro hac vice* application that complied in all

respect with Bankr. D. Mass. L.R. 9010-1(b).  Accordingly, Nosek has failed to provide this Court with any basis to deny Mr. Garfinkle's *pro hac vice* application.

### IV. NORWEST AND CITI WILL RETAIN MASSACHUSETTS COUNSEL.

Even though not technically required to do so, Norwest and Citi are in the process of engaging Massachusetts counsel to assist with their defense in this litigation.  Norwest and Citi have already selected Massachusetts counsel, but that Massachusetts counsel is still completing its internal processes for clearing potential conflicts.  That process must be completed before this Firm can make an appearance in this case.  Norwest and Citi have been advised that this process will be completed within 2 weeks.

### V. CONCLUSION.

For all of the foregoing reasons, Mr. Garfinkle's *pro hac vice* application should be granted.

Dated:  January 22, 2008            Respectfully submitted

Norwest Bank, Minnesota, N.A., Now Known As Wells Fargo Bank, N.A. as Trustee for Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2 and Citi Residential Lending, Inc.

BUCHALTER NEMER, PC
By:  /Is/ Jeffrey K. Garfinkle
Jeffrey K. Garfinkle ( Cal. Bar No. 153496)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone:  (949) 760-1121
Fax:  (949) 720-0182
jgarfinkle@buchalter.com

# **CERTIFICATE OF SERVICE**

      I am employed in the County of Orange, State of California. I am am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612. I do hereby certify on this day I electronically filed the foregoing pleading with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

    Philip M. Stone, Esq.
    Denise M. Pappalardo, Esq.
    Carolyn A. Bankowski, Esq.
    Phoebe Winder, Esq.
    R. Bruce Allensworth, Esq.
    Steven M. Ablitt, Esq.

and all others receiving notice via the CM/ECF system.

      I further certify that I have mailed this day by first-class mail, postage prepaid, a copy of the aforementioned pleading electronically filed with the Court on the following non- CM/ECF participants:

Jacalyn S. Nosek
60 Bolton Road
P.O. Box 1311
South Lancaster, MA 01561

☒    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on January 22, 2008, at Irvine, California.

      Debby Bodkin                /Is/ Debby Bodkin
_____    _____
                                            (Signature)