**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Jacalyn S. Nosek<br><br>      Debtor | Chapter 13<br>Case No. 02-46025-JBR |
| Jacalyn S. Nosek,<br><br>      Plaintiff,<br><br>v.<br><br>Norwest Bank, Minnesota, N.A., as Trustee for Amresco Residential Securities Corp., Mortgage Loan Trust, Series 1998-2,<br><br>      Defendant,<br><br>Denise M. Pappalardo<br>Carolyn A. Bankowski and<br>Citi Residential Lending, Inc.<br><br>      Trustee Defendants | **Adversary Pro. No. 07-04109 –JBR** |

**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP'S
RESPONSE TO JANUARY 25, 2008 ORDER TO SHOW CAUSE**

**INTRODUCTION**

The Court has asked the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP ("K&L Gates") to show cause as to why sanctions should not be imposed pursuant to Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 for "misrepresenting, in affirmative statements and/or by omission, that Ameriquest was the holder of the note and mortgage at various times throughout these proceedings." Jan. 25, 2008 Order to Show Cause at 3 ("Order to Show Cause").

Sanctions should not be imposed because K&L Gates never made any misrepresentations or misstatements of fact or law to the Court, and in all respects, K&L Gates was accurate in its

filings and statements concerning plaintiff's note and mortgage.  K&L Gates first filed a notice of appearance in plaintiff's second adversary proceeding, case no. 07-04109 (the "Second Adversary Proceeding"), approximately four and a half months ago, on September 27, 2007.  On that same date, K&L Gates's firm name appeared on pleadings filed with the Court that twice disclosed that plaintiff's mortgage loan had been pooled with other mortgage loans and sold to an investor.  Further, K&L Gates repeatedly – and correctly – disclosed in pleadings subsequently filed in the Second Adversary Proceeding that an Assignment of plaintiff's mortgage loan from Ameriquest to Norwest Bank Minnesota, N.A. as trustee for Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2 has been on file with the Worcester County Registry of Deeds since May 22, 2000 and that plaintiff had been aware of the transfer of the plaintiff's mortgage loan for years.  At no time did K&L Gates represent that anyone other than Norwest Bank Minnesota, N.A. and Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2 have an interest in plaintiff's mortgage loan.  K&L Gates has never represented that Ameriquest owned plaintiff's mortgage loan.

The Court's January 25, 2008 Order to Show Cause encompasses various cases that preceded the Second Adversary Proceeding.  K&L Gates, however, was not counsel of record for Ameriquest or any other party in plaintiff's three Chapter 13 bankruptcy cases or in the earlier adversary proceeding brought by the plaintiff, case number 04-04517 ("the First Adversary Proceeding").  K&L Gates did not draft, review or file pleadings or papers in that matter, and it did not file notices of appearance or otherwise act as counsel.[1]  K&L Gates's representation has

---

[1]    The Court entered identical show cause orders in the Second Adversary Proceeding, the First Adversary Proceeding and in plaintiff's chapter 13 bankruptcy no. 02-46025.  Because all of the show cause orders refer to K&L Gates (regardless of whether K&L Gates appeared in those actions), on February 6, 2008, Phoebe S. Winder entered a limited appearance in the First Adversary Proceeding and the chapter 13 proceeding for the limited purpose of joining in the:

been limited strictly to the Second Adversary Proceeding; it has not "misrepresent[ed], in affirmative statements and/or omission, that Ameriquest was the holder of the note and mortgage at various times throughout these proceedings." Order to Show Cause at 3. Rather, in its pleadings and statements on record with the Court in the Second Adversary Proceeding, K&L Gates <u>at all times</u> accurately disclosed the existence and identity of the holder of the note and mortgage.

Until the court hearing held on November 28, 2007, K&L Gates had no reason to believe that there may have been prior misstatements in the Chapter 13 bankruptcy proceedings or the First Adversary Proceeding as to whether Ameriquest was the current holder of the Note and Mortgage. In fact, in her papers filed with the Court, plaintiff acknowledges that she had been aware that plaintiff's loan had been sold to an investor, and the public records on file with the Worcester County Registry of Deeds, the Land Court, and the Bankruptcy Court reflect this sale. Docket No. 45 at. 6 (stating that "[i]n Adv. Pro. No. 04-04517-JBR the plaintiff <u>Nosek had notice</u> only <u>that an investor existed</u> who was identified by a number, but whose actual identity was never disclosed….") (emphasis added); Docket No. 86 at 7-8 (same). Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 do not require new counsel to conduct an investigation or to make corrections under these circumstances – especially where there was nothing exchanged between the parties that suggested there had been misstatements in the prior cases and reliance by plaintiff thereon. Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 require only that, on a going forward basis, counsel make accurate statements of fact and law to the Court. K&L Gates has fully complied with these

---

(1) Joint Motion to Extend Time to Respond to Order to Show Cause Dated January 25, 2008; and (2) Motion for Emergency Determination of Joint Motion to Extend Time to Respond to Order to Show Cause Dated January 25, 2008 filed by counsel for Buchalter Nemer P.C. and Jeffrey K. Garfinkle. Further, Rory FitzPatrick of K&L Gates will be filing a limited appearance for the purpose of responding to the show cause orders in the First Adversary Proceeding and the chapter 13 bankruptcy proceeding contemporaneously with the filing of this pleading.

requirements. K&L Gates submits that it did not violate either Fed. R. Bankr. P. 9011 or 28 U.S.C. § 1927 and that sanctions against it are not warranted.

**PROCEDURAL BACKGROUND**

Plaintiff is the debtor in a Chapter 13 proceeding before this Court, known as case number 02-46025 ("Chapter 13 Bankruptcy"). On December 2, 2004, plaintiff initiated the First Adversary Proceeding, and later obtained a judgment in that action.

On July 27, 2007, plaintiff filed the Second Adversary Proceeding for the ostensible purpose of securing her judgment and obtaining trustee process against funds allegedly held on Ameriquest's behalf by the Chapter 13 trustees in the District of Massachusetts. On September 25, 2007, approximately three months after the plaintiff initiated the Second Adversary Proceeding, plaintiff filed an Emergency Motion for Approval of Attachment on Trustee Process ("plaintiff's Emergency Motion"). K&L Gates first became involved in the Second Adversary Proceeding at that time. Ameriquest requested that K&L Gates assist in preparing Ameriquest's opposition to plaintiff's Emergency Motion. Prior to that time, K&L Gates had not been retained in connection with the Second Adversary Proceeding, or any other matter involving plaintiff. On September 27, 2007, K&L Gates filed a notice of appearance in the Second Adversary Proceeding, and Ameriquest filed its opposition to plaintiff's Emergency Motion.

In its opposition and supporting affidavit, Ameriquest twice disclosed the following:

> In 1997, Ameriquest made its loan to Nosek. Shortly thereafter, that loan was bundled with other loans and sold to investors. It is currently owned by Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2.

Docket No. 20 at 4; Docket No. 21 at ¶ 9.

A hearing on plaintiff's Emergency Motion was held on September 29, 2007. At that hearing, plaintiff's counsel stated as follows:

- 4 -

> On page 4 in the opposition, the defendant is asserting that Ms. Nosek's loan is currently owned by Amresco Residential Security Corp. Mortgage Loan Trust Series 1998-2. This is the first time that the purported owner has been identified and in this Court, and there is no public record to confirm that.

Transcript of Sept. 28, 2007 Hearing at 7 lns. 8-13.

The Court denied plaintiff's Emergency Motion on October 4, 2007. Thereafter, on October 31, 2007, plaintiff moved for leave to amend her complaint in the Second Adversary Proceeding. As grounds, plaintiff asserted, in part, that "…Ameriquest Mortgage Company did not disclose the identity of its principal … until September 2007." Docket No. 33 at 2. The proposed First Amended Complaint further states that:

> [t]he public records maintained by the South Worcester Registry of Deeds do not indicate that the mortgage given by Nosek to Ameriquest Mortgage Company was assigned to Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2.

Docket No. 33, Proposed Amended Complaint at ¶ 27.

On November 13, 2007, Ameriquest filed a combined Opposition to Motion Pursuant to Bankruptcy Rule 7015(b) to Amend Complaint and Cross-Motion to Dismiss the Complaint. In that pleading, Ameriquest represented that plaintiff's loan had been sold to an investor and that plaintiff had been aware of the fact of the sale. Docket No. 35 at 5-7. In response, plaintiff contested these assertions, arguing that she did not know the identity of the loan's investor until it was disclosed as part of Ameriquest's opposition to plaintiff's Emergency Motion on September 27, 2007. Docket No. 45 at 1-2. Plaintiff went on to argue that:

> The identity of the investor and holder of the mortgage given by Ms. Nosek to Ameriquest Mortgage Company is not a matter of public record. No assignment of the mortgage in question appears in the public records maintained by the Worcester South Registry of Deeds.

Docket No. 45 at 6-7.

On November 27, 2007, K&L Gates filed a reply brief in support of Ameriquest's Cross-Motion to Dismiss, stating that plaintiff's representations concerning the records on file at the Worcester County Registry of Deeds were incorrect. Docket No. 48. A copy of an Assignment between Ameriquest and Norwest Bank Minnesota, N.A. as trustee for Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2 was attached as Exhibit A to the reply brief. Ameriquest pointed out that the Assignment was on file with Worcester County Registry of Deeds as of May 22, 2000, four years prior to the commencement of the First Amended Complaint.

On November 28, 2007, on the morning of a scheduled court hearing, plaintiff filed an Emergency Motion to File Supplemental Exhibit to Opposition to Cross-Motion of Ameriquest Mortgage Company to Dismiss Complaint. Docket No. 51. Plaintiff attached as an exhibit an index from the Worcester County Registry of Deeds, claiming that it evidenced "all real estate matters concerning" plaintiff. Id. at 1 (emphasis added). Plaintiff further asserted that "[n]o recorded Assignment of the mortgage given to Ameriquest Mortgage Company appears in the index." Id. at 1-2. No other available indexes or hyperlinks were attached to plaintiff's pleading.

Immediately thereafter, in the early afternoon of November 28, 2007, K&L Gates sought leave on Ameriquest's behalf to file an Emergency Motion to Attach Supplemental Exhibits with Supporting Authenticating Affidavit. Docket No. 54. Specifically, K&L Gates wished to inform the Court that, contrary to plaintiff's representations, the Assignment was easily accessible on the Registry's website, and the index proffered by plaintiff was merely the first page that appeared when one conducted a search under plaintiff's name on the website. In support of these contentions, K&L Gates submitted the sworn statement of its real estate paralegal, Peggy E. Bunker. Docket No. 54, Exhibit 1. Ms. Bunker's declaration recited the ways in which the

- 6 -

Assignment was accessible and disclosed on the Registry's website, and it attached pages from the Registry's website that evidenced the Assignment from Ameriquest to Norwest Bank Minnesota, N.A. as trustee for Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2.  Further, K&L Gates pointed out that, entirely independent of the Registry's on-line electronic database of filings, the Assignment was also available in hard copy directly from the Registry.  Docket No. 54 at ¶ 6.  The Court, however, denied Ameriquest leave to file the Bunker Declaration and any supplemental exhibits.  Docket No. 57.

At the November 28, 2007 hearing, R. Bruce Allensworth, a partner at K&L Gates, accurately reiterated, as set forth in the pleadings described directly above, the facts concerning the public availability of the Assignment and plaintiff's knowledge of the loan's sale.

### APPLICABLE STANDARD

Federal Rule of Bankruptcy Procedure 9011 provides for sanctions where an attorney or party signs, files, submits or later advocates a pleading that, among other things, lacks factual or evidentiary support.  Fed. R. Bankr. P. 9011(b).  The purpose of Bankruptcy Rule 9011 is equivalent to that of Rule 11 of Federal Rules of Civil Procedure, and the same standard applies under both rules.  In re D.C. Sullivan Co., Inc., 843 F.2d 596, 598 (1st Cir. 1988) (upholding bankruptcy court's denial of sanctions motion).

It has been held that "[t]he key to Bankruptcy Rule 9011 sanctions is the certification flowing from the signature to a pleading, motion or other paper in a lawsuit."  In re 680 Fifth Ave. Assoc., 218 B.R. 305, 313 (Bankr. S.D.N.Y. 1998) (declining to impose sanctions where newly retained attorneys whose alleged digression in pleadings was understandable under the circumstances).  It follows therefore that sanctions may be only imposed on the attorney or law firm who signs the paper or the party, or both.  See id.  It has also been held that "[o]nly those actions deemed to fall squarely within the purview of Rule 9011 will result in a finding that it has

- 7 -

been violated." In re M.A.S. Realty Corp., 326 B.R. 31, 37 (Bankr. D. Mass. 2005) (Rosenthal, J.). "Sanctions are not to be imposed for vague or inartfully drafted pleadings, but for frivolous ones." In re 680 Fifth Avenue Assoc., 218 B.R. at 318.

In its January 25, 2008 Order to Show Cause, the Court has also referenced 28 U.S.C. § 1927, which provides that:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.[2]

The statute imposes a high threshold for imposition of sanctions. Although the First Circuit does not require a showing of an attorney's subjective bad faith, sanctions are only appropriate where an attorney's conduct is objectively "unreasonable and harassing or annoying." McLane, Graf, Raulerson & Middleton, P.A. v. Rechberger, 280 F.3d 26, 43 (1st Cir. 2002) (upholding district court's denial of sanctions). Indeed, "[t]o be vexatious under section 1927 … the attorney's conduct must be more severe than mere negligence, inadvertence, or incompetence." Id. at 43 (internal quotations omitted); Gallerani v. Town of Plymouth, 356 F. Supp. 2d 3, 5-6 (D. Mass. 2005 ) (denying motion for sanctions where there was no evidence that counsel had engaged any objectively vexatious conduct).

### DISCUSSION

K&L Gates should not be found to have violated Fed. R. Bankr. P. 9011 or 28 U.S.C.

---

[2] Courts are in disagreement as to whether a bankruptcy court may impose sanctions under 28 U.S.C. § 1927. Compare In re Courtesy Inns, Ltd., Inc., 40 F.3d 1084, 1086 (10th Cir. 1994) (holding that bankruptcy court may not impose sanctions under 28 U.S.C. § 1927) with Adair v. Sherman, 230 F.3d 890, 895 n. 8 (7th Cir. 2000) (holding that bankruptcy courts may impose sanctions under 28 U.S.C. § 1927). The First Circuit does not appear to have addressed the issue directly.

§ 1927and should not be sanctioned because it was accurate in all respects in the statements it made to the Court and the pleadings it filed.  The touchstone of Rule 9011 sanctions is "the certification flowing from the signature to a pleading, motion or other paper in a lawsuit."  In re 680 Fifth Ave. Assoc., 218 B.R. at 313.  On the very day that K&L Gates first filed a Notice of Appearance in the Second Adversary Proceeding, its firm name appeared on pleadings that twice disclosed the identity of the investor that purchased plaintiff's mortgage loan.  K&L Gates subsequently submitted pleadings in the Second Adversary Proceeding that disclosed the investor's identity, referenced the Assignment of plaintiff's mortgage loan to the investor, and attached copies of the Assignment and other records on file with the Worcester County Registry of Deeds.  See Docket Nos. 20 and 21, and 48 and 54, respectively.

At no time did K&L Gates state that Ameriquest owned plaintiff's mortgage and note, or represent to the Court that the investor was anyone other than Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2.  Nor, for that matter, did K&L Gates make any misrepresentations to the Court concerning the assignment of plaintiff's mortgage note.  K&L Gates, in fact, affirmatively sought to correct inaccuracies advanced by plaintiff concerning the note's assignment.  In two written submissions, plaintiff affirmatively represented to the Court that the public records maintained by the Worcester Registry of Deeds did not reflect an assignment from Ameriquest to Norwest Bank Minnesota, N.A. as trustee for Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2.  Docket No. 33, Proposed Amended Complaint at ¶ 27 and No. 45 at. 6-7.  Further, in an emergency motion to supplement the record filed on November 28, 2007, plaintiff proffered an index from the Worcester County Registry of Deeds and represented that it evidenced "all real estate matters concerning" plaintiff.  Docket No. 51 at 1.  Plaintiff asserted that "[n]o recorded Assignment of the mortgage given to

- 9 -

Ameriquest Mortgage Company appears in the index." Docket No. 51 at 1-2. The Court allowed plaintiff's emergency motion to supplement the record.

The public records on file with the Worcester County Registry of Deeds, however, were directly contrary to plaintiff's representations. K&L Gates, therefore, sought emergency leave to supplement the record and file: (1) the Assignment;[3] (2) certain documents relating to the Assignment electronically on file at the Registry; and (3) an affidavit from K&L Gates real estate paralegal, Peggy E. Bunker, attaching these records and detailing how the Assignment was easily accessible both in person at the Registry and through the Registry's on-line database. Docket No. 54. The Court declined to accept the Bunker Declaration for filing. Docket No. 57. However, at the November 28, 2007 hearing, K&L Gates partner R. Bruce Allensworth reiterated that the Assignment was on file as a matter of public record at the Registry and that it had been on file since May 2000. The public documents proffered by K&L Gates in its pleadings fully support Mr. Allensworth's statements, as well as his contention that plaintiff had constructive notice of the assignment. See Merriam v. Bacon, 46 Mass. 95, 97-98 (1842) (holding that the recording of an assignment of a mortgage constitutes constructive notice of same to the mortgagor). Under the circumstances, there is no basis to find that K&L Gates acted improperly in disclosing information that is a matter of public record and that can be fully substantiated, as outlined in the Declaration of Peggy E. Bunker, by accessing the Registry's website or by obtaining a hard copy in person at the Registry's offices.

Further, plaintiff was aware that her loan had been sold to an investor and therefore was no longer owned by Ameriquest. K&L Gates disclosed as much to the Court, and plaintiff

---

[3] K&L Gates had already attached the Assignment to an earlier pleading, Ameriquest Mortgage Company's Motion for Leave to File Reply in Support of Cross-Motion to Dismiss, as Exhibit A. (Docket No. 48).

- 10 -

herself does not dispute that she had been put on notice of the loan's sale as part of the First Adversary Proceeding. Specifically, in the First Adversary Proceeding an Ameriquest employee, Judi Rene Johnston, testified that plaintiff's name appeared on a screen print-out that evidenced Ameriquest's practice of selling its loans to investors:

> Q: Would you recognize this screen as being an Ameriquest screen. It has to be.
>
> A: Yes. Although there other servicers who use that, but –
>
> Q: It has Ameriquest's name on it.
>
> A: Right.
>
> **Q: It has Ms. Nosek's name on it.**
>
> A: Again, it's imported from another system, so –
>
> Q: Well, another system at Ameriquest. Isn't it? I mean, does Ameriquest ever contract out its accounting to somebody else?
>
> A: No.
>
> Q: So it's all in-house. All the account is in-house, right.
>
> A: Yes.
>
> **Q: This document has an investor number. What does that refer to?**
>
> **A: It's --- <u>our loans are in pools, because we don't own the loans. So whoever that investor number is, it would be in the pool of loans sold to that investor</u>. Could be a pool of investors that buy it**.

Excerpt from Docket No. 35 at 6-7 (emphasis added).

Ameriquest's opposition to plaintiff's Emergency Motion directly quoted Ms. Johnston's testimony. Id. Plaintiff's counsel has acknowledged, as he was obliged to do, that he was aware in the First Adversary Proceeding that plaintiff's loan had been sold to an investor. Docket No.

45 at 6 (stating that "[i]n Adv. Pro. No. 04-04517-JBR <u>the plaintiff Nosek had notice</u> only <u>that an investor existed</u> who was identified by a number, but whose actual identity was never disclosed…") (emphasis added); Docket No. 86 at 7 (same).  While plaintiff may claim (rightly or wrongly) that she did not know of identity of the loan's investor, she admits that she knew of the existence of an investor.  <u>Id.</u>

The representations made by K&L Gates partner, R. Bruce Allensworth, at a court hearing held on November 28, 2007 are wholly consistent with the testimony of Ameriquest's employee and plaintiff's counsel's admissions.  Specifically, he stated on the record: "that following whatever initial pleadings may have been followed [sic] in this case, it is the case that in the course of discovery <u>there was testimony at deposition that these loans had been sold</u>."  November 28, 2007 Hearing Transcript at 10, lns. 4-7 (emphasis added).  There is nothing inaccurate about this statement.  It does not contradict in any way the deposition testimony of Ameriquest's employee, and in fact, its substance is confirmed by the written representations of plaintiff's counsel.  Docket No. 45 at 6.

To the extent that the Court's Order to Show Cause is directed to statements and pleadings made in the Chapter 13 Bankruptcy or the First Adversary Proceeding, K&L Gates was not counsel of record, and did not appear in those proceedings.  K&L Gates may not be sanctioned for any prior misstatements that it did not "present" by "filing, submitting, or later advocating" in pleadings signed by K&L Gates.  Fed. R. Bankr. P. 9011(b); <u>In re Southern Textile Knitters</u>, 65 Fed. Appx. 426, 440-41 (4th Cir. 2003) (overturning bankruptcy court's imposition of sanctions for mere failure to withdraw claim that was later discovered to have no merit).  Further, the underlying purpose of Rule 9011 is not to impose a continuing duty on counsel to correct prior pleadings.  Fed. R. Civ. P. 11, which is identical in substance to Fed. R.

Bankr. P. 9011, "does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses." Advisory Committee Notes to 1993 Amendments;[4] see also 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1333 (3d ed. 2004).

This rationale holds particularly true here, where until the hearing on November 28, 2007, K&L Gates had no reason to believe that any misstatement might have been made in prior pleadings in cases for which it was not counsel of record. In fact, in her papers filed in the Second Adversary Pleading, plaintiff never argued that she had been affirmatively misled as to the loan's investor, or that Ameriquest had misstated the identity of the loan's investor. Rather, as detailed above, plaintiff acknowledged in her pleadings that she had been on notice that the loan at been sold. In addition to the Assignment on record at the Worcester County Registry of Deeds, plaintiffs' own Bankruptcy Schedules and Statement of Financial Affairs filed in the Chapter 13 Proceeding affirmatively disclosed that Norwest Bank Minnesota, N.A. was trustee with respect to plaintiff's loan. See Exhibit 1 hereto (Schedule D to plaintiff's chapter 13 Schedules A-J, dated November 1, 2002 (Chapter 13 Docket at 8)); see also Exhibit 2 hereto (plaintiff's chapter 13 Statement of Financial Affairs, dated November 1, 2002 (Chapter 13, Docket at 9)). Under the circumstances, there was nothing in the record in the Second Adversary Proceeding that would have suggested that plaintiff did not know that her loan had been sold and therefore K&L Gates was not alerted that this issue may have existed. Ultimately, what is significant for purposes of Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 is that, in the Second

---

[4] In 1997, Fed. R. Bankr. P. 9011 was amended to bring its substantive provisions in line with the 1993 amendments to Fed. R. Civ. P. 11. Thus, reference to the 1993 amendments to Fed. R. Civ. P. 11 and to the accompanying advisory committee notes is appropriate. See Fed R. Bankr. P. 9011 (Advisory Committee Notes to 1997 Amendments) (stating that "[f]or an explanation of [the 1997] amendments, see advisory committee note to the 1993 amendments to Fed. R. Civ. P. 11").

Adversary Proceeding, K&L Gates neither adopted nor furthered any prior misstatements concerning plaintiff's mortgage loan. On the contrary, as outlined above, the pleadings and statements proffered in the Second Adversary Proceeding consistently and correctly asserted that Ameriquest had assigned plaintiff's mortgage to an investor and that plaintiff had been aware of this fact for years.

## CONCLUSION

For all of the foregoing reasons, K&L Gates respectfully requests that the Court find that K&L Gates did not violate Fed. R. Bankr. P. 9011 or 28 U.S.C. § 1926 and decline to impose sanctions where K&L Gates: (1) did not misrepresent or misstate any facts in the pleadings they signed; and (2) has demonstrated that factual statements made in pleadings and at hearings in the Second Adversary Proceeding were accurate and were made after reasonable inquiry.

Respectfully submitted,

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP


/s/ Rory FitzPatrick
Rory FitzPatrick
rory.fitzpatrick@klgates.com
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3162

Dated: February 15, 2008

## CERTIFICATE OF SERVICE

      I, Rory FitzPatrick, attorney for Ameriquest Mortgage Company, hereby certify that on February 15, 2008, I electronically filed the foregoing **Kirkpatrick & Lockhart Preston Gates Ellis LLP's Response to January 25, 2008 Order to Show Cause** with the United States Bankruptcy Court for the District of Massachusetts.  I certify that I served the documents filed with the Court by first class mail, postage prepaid or by electronic notice on:

Philip M. Stone
44 Front Street
Worcester, MA 01608

Steven A. Ablitt
ABLITT & CHARLTON, P.C.
333 North Avenue
Wakefield, MA 01880

Jeffrey K. Garfinkle
BUCHALTER NEMER
A PROFESSIONAL CORPORATION
18400 Von Karman Ave., Ste. 800
Irvine, CA 92612

Jonathan Olsson
Daniel Glosband
Richard A. Oetheimer
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109-2881

Robert A. McCall
George A. Berman
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110

Victor G. Milione, Esquire
Lee Harrington, Esquire
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110

Carolyn A. Bankowski
98 N. Washington St., Suite 300
Boston, MA 02114

Denise M. Pappalardo
P. O. Box 16607
Worcester, MA 01601

R. Bruce Allensworth
Rory FitzPatrick
Phoebe S. Winder
Gregory N. Blase
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111

Harold B. Murphy
HANIFY & KING, PROFESSIONAL CORPORATION
One Beacon Street, 21st Floor
Boston, MA 02108
Telephone: 617-423-0400
Facsimile: 617-556-8985

J. Robert Seder
SEDER & CHANDLER, LLP
339 Main St.
Worcester, MA 01608

                                              Rory FitzPatrick
                                              /s/ Rory FitzPatrick