# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>Jacalyn S. Nosek<br><br>    Debtor | Chapter 13<br>Case No. 02-46025-JBR |
| Jacalyn S. Nosek,<br><br>    Plaintiff,<br><br>v.<br><br>Norwest Bank, Minnesota, N.A., as Trustee for Amresco Residential Securities Corp., Mortgage Loan Trust, Series 1998-2,<br><br>    Defendant,<br><br>Denise M. Pappalardo<br>Carolyn A. Bankowski and<br>Citi Residential Lending, Inc.<br><br>    Trustee Defendants | **Adversary Pro. No. 07-04109 –JBR** |

## AFFIDAVIT OF R. BRUCE ALLENSWORTH
## SUBMITTED IN COMPLIANCE WITH THE COURT'S DIRECTIVE

    1.    I, R. Bruce Allensworth, state as follows, to the best of my personal knowledge and recollection, and under the pains and penalties of perjury:

    2.    I am a partner at the law firm of Kirkpatrick & Lockhart Preston Gates & Ellis LLP ("K&L Gates").

    3.    On September 26, 2007, K&L Gates was retained to serve as counsel of record for Ameriquest Mortgage Company ("Ameriquest") in connection with the adversary proceeding styled as <u>Nosek v. Ameriquest Mortgage Co.</u>, Adversary Pro. No. 07-04109 –JBR ("the Second Adversary Proceeding").

BOS-1167055 v3

    3.    I filed a notice of appearance in the Second Adversary Proceeding on November 20, 2007. Docket No. 44.

    4.    On November 28, 2007, the Court heard argument on various motions in the Second Adversary Proceeding, including plaintiff's motion to amend her complaint and Ameriquest's cross-motion to dismiss plaintiff's complaint. I participated in the November 28, 2007 hearing.

    5.    By its show cause order dated January 25, 2008, the Bankruptcy Court for the District of Massachusetts, Western Division, has requested that I provide evidence in support of (1) my statement at the November 28, 2007 hearing that "following whatever initial pleadings may have been followed [sic] in this case, it is the case that in the course of discovery, there was testimony at deposition that these loans had been sold;" and (2) the contention that "Norwest's identity was disclosed by virtue of the 2000 recordation of the assignment of the note and mortgage…." Show Cause Order at 5.

    6.    Evidentiary support for these statements is as follows:

**STATEMENTS REGARDING DEPOSITION TESTIMONY**

    7.    At the November 28, 2007 hearing, I stated that:

> I cannot speak to what prior counsel may or may not have said to the Court. What I can say is this: That following whatever initial pleadings may have been followed [sic] in the case, it is the case that in the course of discovery there was testimony at deposition that these loans had been sold.

November 28, 2007 hearing transcript at 10, lns. 2-7.

    8.    Factual support for this statement appears at page 149 of the May 4, 2005 deposition transcript of Ameriquest employee, Judi Rene Johnston taken by plaintiff in the First Adversary Proceeding:

> Q:    Would you recognize this screen as being an Ameriquest screen. It

> has to be.
>
> A: Yes. Although there other servicers who use that, but –
>
> Q: It has Ameriquest's name on it.
>
> A: Right.
>
> **Q: It has Ms. Nosek's name on it.**
>
> A: Again, it's imported from another system, so –
>
> Q: Well, another system at Ameriquest. Isn't it? I mean, does Ameriquest ever contract out its accounting to somebody else?
>
> A: No.
>
> Q: So it's all in-house. All the accounting is in-house, right.
>
> A: Yes.
>
> **Q: This document has an investor number. What does it refer to?**
>
> **A: It's --- <u>our loans are in pools, because we don't own the loans. So whoever that investor number is, it would be in the pool of loans that was sold to that investor.</u> Could be a pool of investors that buy it**.

See Johnston Deposition at 149, lns. 2-24 (emphasis added), attached hereto as Exhibit 1.

9. This deposition testimony was quoted in Ameriquest's Opposition to Motion Pursuant to Bankruptcy Rule 7015(b) to Amend Complaint and Cross-Motion to Dismiss Complaint, as filed with the Court on November 13, 2007. Docket No. 35 at 6-7.

**STATEMENTS REGARDING THE ASSIGNMENT OF MORTGAGE**

10. The Court has requested that counsel for Ameriquest provide support for the contention that Norwest's identity was disclosed by virtue of the recording of the assignment of the mortgage and note in May 2000.

11. On October 31, 2007, plaintiff filed a motion to amend her Complaint in the Second Adversary Proceeding.

12. Plaintiff attached a proposed Amended Complaint to her motion to amend. In the proposed Amended Complaint, plaintiff claimed that "[t]he public records maintained by the South Worcester Registry of Deeds do not indicate that the mortgage given by Nosek to Ameriquest Mortgage Company was assigned to Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2." Proposed Amended Complaint, ¶ 27.

13. On November 13, 2007, Ameriquest opposed plaintiff's motion to amend and filed a cross-motion to dismiss the Second Adversary Proceeding. Docket No. 35.

14. On November 26, 2007, plaintiff filed her opposition to Ameriquest's cross-motion to dismiss. In that opposition brief, plaintiff reiterated her claim that "[t]he identity of the investor and holder of the mortgage given by Ms. Nosek to Ameriquest is not a matter of public record. No assignment of the mortgage in question appears in the public records maintained by the Worcester South Registry of Deeds." Docket No. 45 at 6-7.

15. Thereafter, on November 27, 2007 and in response to plaintiff's claims concerning the Assignment's unavailability at the Worcester County Registry of Deeds, K&L Gates filed a reply in support of its Cross Motion to Dismiss. See Docket No. 48, attached hereto as Exhibit 2. In the reply brief, K&L Gates contended that plaintiff's claims were incorrect. Attached to the reply brief as Exhibit A was a copy of the Assignment of plaintiff's mortgage and note, bearing a book and page number (BK22605PG162) from the Worcester

- 4 -

County Registry of Deeds and date-stamped "00 May 22 AM 9:40." Id.

16. The Assignment discloses Norwest Bank Minnesota, N.A., as trustee for Amresco Residential Securities Corporation Mortgage Loan Trust 1998-2, under the Pooling and Servicing Agreement dated as of 6/1/98. See Exhibit 2 hereto.

17. On November 28, 2007, on the morning of the scheduled court hearing, plaintiff filed an emergency motion to file a supplemental exhibit to her Opposition to Cross-Motion of Ameriquest Mortgage Company to Dismiss Complaint. Docket No. 51. Plaintiff attached to her emergency motion an index from the Worcester County Registry of Deeds, claiming that it evidenced "all real estate matters concerning" plaintiff. Docket No. 51 at 1. Plaintiff further asserted that "[n]o recorded Assignment of the mortgage given to Ameriquest Mortgage Company appears in the index." Docket No. 51 at 1-2. No other available indexes or hyperlinks were attached to plaintiff's pleading.

18. The Court granted plaintiff's emergency motion. Docket No. 53.

19. Thereafter, in the early afternoon of November 28, 2007 and prior to the hearing of that day, K&L Gates requested leave on Ameriquest's behalf to file an Emergency Motion to Attach Supplemental Exhibits with Supporting Authenticating Affidavit. See Docket No. 54 and accompanying Exhibit 1, attached hereto as Exhibit 3. K&L Gates sought to inform the Court that the Assignment was easily accessible on the Registry's website, and the index proffered by plaintiff was merely the first page that appeared when one conducted a search under plaintiff's name on the website. K&L Gates submitted the sworn statement of its real estate paralegal, Peggy E. Bunker. See Exhibit 3 hereto. Ms. Bunker's declaration recited the ways in which the Assignment was accessible and disclosed on the Registry's website. It attached pages from the Registry's website that evidenced the Assignment from Ameriquest to Norwest Bank Minnesota,

N.A., as trustee for Amresco Residential Securities Corp. Mortgage Loan Trust, Series 1998-2 and pages from the Registry's website that evidenced the filing and recording of the Assignment. Further, the Bunker Declaration noted that the Assignment was also available in hard copy directly from the Registry. Id.

20. The Court denied Ameriquest leave to file the Bunker Declaration and any supplemental exhibits. Docket No. 57.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, TO THE BEST OF MY PERSONAL KNOWLEDGE AND RECOLLECTION. EXECUTED THIS 15th DAY OF FEBRUARY, 2008 AT BOSTON, MASSACHUSETTS.

                                               /s/ R. Bruce Allensworth
                                               R. Bruce Allensworth

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Jacalyn S. Nosek<br><br>    Debtor | Chapter 13<br>Case No. 02-46025-JBR |
| Jacalyn S. Nosek,<br><br>    Plaintiff,<br><br>v.<br><br>Norwest Bank, Minnesota, N.A., as Trustee for Amresco Residential Securities Corp., Mortgage Loan Trust, Series 1998-2,<br><br>    Defendant,<br><br>Denise M. Pappalardo<br>Carolyn A. Bankowski and<br>Citi Residential Lending, Inc.<br><br>Trustee Defendants | **Adversary Pro. No. 07-04109 –JBR** |

## DECLARATION RE: ELECTRONIC FILING

    I, R. Bruce Allensworth, ***hereby declare under penalty of perjury*** that all of the information contained in the Declaration of R. Bruce Allensworth (the "Document"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

    I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: February 15, 2008

                                                      Signed:  /s/ R. Bruce Allensworth
                                                                         R. Bruce Allensworth

Document      Page 8 of 9

## CERTIFICATE OF SERVICE

      I, R. Bruce Allensworth, attorney for Ameriquest Mortgage Company, hereby certify that on February 15, 2008, I electronically filed the foregoing **Declaration of R. Bruce Allensworth** with the United States Bankruptcy Court for the District of Massachusetts.  I certify that I served the documents filed with the Court by first class mail, postage prepaid or by electronic notice on:

Philip M. Stone
44 Front Street
Worcester, MA 01608

Steven A. Ablitt
ABLITT & CHARLTON, P.C.
333 North Avenue
Wakefield, MA 01880

Jeffrey K. Garfinkle
BUCHALTER NEMER
A PROFESSIONAL CORPORATION
18400 Von Karman Ave., Ste. 800
Irvine, CA 92612

Jonathan Olsson
Daniel Glosband
Richard A. Oetheimer
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109-2881

Robert A. McCall
George A. Berman
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110

Victor G. Milione, Esquire
Lee Harrington, Esquire
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110

Carolyn A. Bankowski
98 N. Washington St., Suite 300
Boston, MA 02114

Denise M. Pappalardo
P. O. Box 16607
Worcester, MA 01601

R. Bruce Allensworth
Rory FitzPatrick
Phoebe S. Winder
Gregory N. Blase
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111

Harold B. Murphy
HANIFY & KING, PROFESSIONAL CORPORATION
One Beacon Street, 21st Floor
Boston, MA 02108
Telephone: 617-423-0400
Facsimile: 617-556-8985

J. Robert Seder
SEDER & CHANDLER, LLP
339 Main St.
Worcester, MA 01608

                                            /s/ R. Bruce Allensworth
                                            R. Bruce Allensworth

- 9 -